*Page 1 of 2*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS
        Plaintiff,

vs.                              3:09cv9/MCR/MD

CHARLES HALLEY, et al.
        Defendants.

## **REPORT AND RECOMMENDATION**

      This cause is before the court upon plaintiff's motion for clarification/request to clerk for entry of a voluntary dismissal without prejudice/motion for voluntary dismissal without prejudice. (Doc. 9). In his motion, plaintiff references an order entered on February 3, 2009 that he received on February 13, 2009. The order in question was actually entered by the undersigned in case 3:09cv26/LAC/MD, and directed plaintiff to clarify whether the pleadings used to open case 3:09cv26/LAC/MD were intended by plaintiff to be part of a separate case, or part of the above-styled cause. Plaintiff states in the instant motion that "this case was filed in error." He presumably refers to case 3:09cv26/LAC/MD. However, he goes on to request an order of voluntary dismissal without prejudice, although he has also filed a properly-styled motion to voluntarily to dismiss the later filed case. (Case 3:09cv26/LAC/MD, doc. 6). Thus, although it is not entirely clear, it appears that plaintiff wishes to voluntarily dismiss <u>both</u> cases before the filing fee is assessed against him.[1]

---

[1] Court records reflect that plaintiff has filed 22 cases in the Northern District of Florida since January of 2008. Plaintiff moved to voluntarily dismiss the vast majority of these cases mere weeks after filing, and before an initial partial filing fee was assessed. Only eight of these cases remain pending, including the instant case and the case discussed herein.

*Page 2 of  2*

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion for voluntary dismissal without prejudice (doc. 9) be granted and this case be dismissed without prejudice.

At Pensacola, Florida, this 20th day of February, 2009.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11**[th] **Cir. 1988).**